# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 11, 2019

```
* * * * * * * * * * * * *
The Estate of DAVID E. NAWATNY,      *          Unpublished
by its Personal Representative,      *
DONNA NAWATNY,                       *
              Petitioner,            *          No. 15-1384V
                                     *
v.                                   *          Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *          Influenza ("flu"); Systemic
                                     *          Inflammatory Response Syndrome
              Respondent.            *          ("SIRS"); Stipulation for Award
* * * * * * * * * * * *
```

*Daniel H. Pfeifer,* Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.
*Colleen C. Hartley,* Department of Justice, Washington, D.C., for respondent.

## DECISION FOR STIPULATION[1]

On November 16, 2015, Donna Nawatny, as personal representative of the Estate of David E. Nawatny ("petitioner"), filed a petition for compensation under the National Vaccine Injury Program.[2]  Petition at Preamble.  Petitioner received an influenza ("flu") vaccine on October 10, 2013.  *Id.* at 2; Stipulation at ¶ 2 (ECF No. 27).  Petitioner alleged that as a result of receiving the flu vaccination, he suffered from Systemic Inflammatory Response Syndrome ("SIRS").  Further, petitioner alleges that Mr. Nawatny's death was the sequela of his alleged vaccine-related injury.  Petition at Preamble & at ¶ 33; Stipulation at ¶ 4.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 11, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation at ¶ 7. Respondent denies that petitioner's alleged injuries or his death are caused by the flu vaccine. *Id.* at ¶ 6. Maintaining their respective positions, the parities nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation awards:

1) **A lump sum of $115,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expediated by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

The Estate of DAVID E. NAWATNY
by its Personal Representative,
DONNA NAWATNY,

       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.

No. 15-1384V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Donna Nawatny ("petitioner"), as personal representative of the Estate of David E. Nawatny ("Mr. Nawatny"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Nawatny's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Nawatny received the flu vaccine on October 10, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Nawatny suffered from Systemic Inflammatory Response Syndrome ("SIRS") as a result of receiving the flu vaccine. Mr. Nawatny passed away on November 17, 2013. Petitioner further alleges that Mr. Nawatny's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Nawatny as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Nawatny's alleged SIRS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $115,000.00 in the form of a check payable to petitioner as legal representative of the Estate of David E. Nawatny. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

-2-

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of David E. Nawatny under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of David E. Nawatny. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of David E. Nawatny at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of David E. Nawatny upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as personal representative of the Estate of David E. Nawatny, on behalf of Mr. Nawatny's estate and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

- 3 -

to or death of Mr. Nawatny resulting from, or alleged to have resulted from, the flu vaccination administered on October 10, 2013, as alleged in a petition for vaccine compensation filed on or about November 16, 2015, in the United States Court of Federal Claims as petition No. 15-1384V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Nawatny's alleged SIRS, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as personal representative of the Estate of David E. Nawatny shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

**PETITIONER:**

*Donna Nawatny*

DONNA NAWATNY,
as Personal Representative of
The Estate of DAVID E. NAWATNY

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

DANIEL H. PFEIFER
PFEIFER, MORGAN & STESIAK
53600 N. Ironwood Drive
South Bend, Indiana  46635
Tel:  574-272-2870
Fax:  574-271-4329

**AUTHORIZED REPRESENTATIVE OF**
**THE SECRETARY OF HEALTH AND**
**HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD  20857

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 616-3644

Dated: ___7/11/19___

-5-